UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES E. FRANCIS,

    Plaintiff,

  v.

MAERSK LINE, LIMITED; UNITED STATES OF AMERICA,

    Defendants.

CASE NO. C03-2898C

ORDER

I.   INTRODUCTION

    This matter has come before the Court on Defendant Maersk's Motion for Summary Judgment Dismissing Plaintiff's Claim of Independent Acts of Negligence (Dkt. No. 123) and its Motion for Summary Judgment for Willful Failure to Pay Maintenance and Cure (Dkt. No. 125). Having carefully considered the papers filed by the parties in support of and in opposition to the motions, the Court has determined that no oral argument shall be necessary. The Court finds and rules as follows.

II.   BACKGROUND

    As all the parties involved are well acquainted with the factual background of this case, the Court does not find it necessary to re-visit those facts here. Rather, the instant motions are the product of the particular procedural background of this case. On July 7, 2004, this Court entered an order (Dkt. No.

ORDER – 1

59) dismissing Plaintiff's action against Defendant Maersk on the grounds that it was precluded by the Suits in Admiralty Act of 1920 ("SAA"), 46 U.S.C. App. §§ 741-752. On November 8, 2004, the Court allowed Plaintiff to re-open his case and amend his complaint to assert claims against the United States. (Nov. 8, 2004 Order, Dkt. No. 87.) In this order, finding that the facts of the case justified a re-opening of the judgment, the Court also allowed Plaintiff to pursue a claim against Maersk for arbitrary and capricious failure to pay maintenance and cure as well as those claims properly founded on independent acts of negligence not subsumed under the umbrella of Maersk's agency relationship with the United States. (*See id.* at 8.) On March 15, 2005, in the context of granting Plaintiff's motion to amend his complaint, the Court again confirmed Plaintiff's right to assert a claim against Maersk for such independent acts of negligence. (Mar. 15, 2005 Order, Dkt. No. 113.)

Defendant Maersk has now moved for summary judgment dismissing Plaintiff's re-asserted and new claims against it.

III.   ANALYSIS

  A. *Legal Standard*

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions and provides in relevant part that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether an issue of fact exists, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The moving party bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to defeat a motion for summary

ORDER – 2

judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

      B.     *Independent Acts of Negligence*

Plaintiff's second amended complaint carefully tracks the language of the Court's November 8, 2004 order, alleging that "Maersk committed independent acts of negligence not subsumed under the umbrella of its alleged agency relationship with the United States." (2d Am. Compl. ¶ 22.) Defendant Maersk moves for summary judgment dismissing this claim, arguing that although Plaintiff's statement of the claim complies with the Court's November 8 order, the content of the claim is the same as that dismissed by the Court in July 2004. For the reasons that follow, the Court must agree with Maersk.

In the July 2004 order, the Court addressed the question of whether Plaintiff's claims against Maersk and his claims against the United States were of the "same subject matter" within the meaning of the SAA. After some careful analysis, the Court concluded that they were. Specifically, the Court found that

> [a]lthough the thrust of Plaintiff's claim against Maersk appears to be that Maersk's employment policy had a contributory role in causing Plaintiff's injuries . . . Plaintiff cannot escape the fact that this claim arises from the same "nucleus of facts" as his potential claim against the [United States]. Moreover, the relevant "subject matter" at hand is not the specific wrongful act, but its consequences, or more precisely, whether Plaintiff is entitled to maintenance and cure resulting from his injury while serving aboard the HAUGE.
> . . . .
> [T]he "subject matter" is not who was negligent and in what way, but whether, as a result of his injury, Plaintiff is entitled to damages, including maintenance and cure.

(July 9, 2004 Order at 10-11.)

Plaintiff's opposition papers do not show that his new claim for "independent acts of negligence" is, in fact, for independent acts of negligence. Plaintiff now labels Maersk's employment policy

ORDER – 3

"outrageous" and seeks to call it "battery," thereby rendering it an intentional tort.[1]  However, no matter what legal label Plaintiff seeks to attach to Maersk's actions, the essential operative facts are still the same.  The subject matter is still "of the same subject matter" as his claim against the United States.  For this reason, the Court finds that Plaintiff has not shown that there exists any genuine issue of material fact regarding his claim against Maersk for "independent acts of negligence."  Accordingly, Plaintiff's claim against Maersk for "independent acts of negligence" must be DISMISSED.

        C.        *Willful Failure to Pay Maintenance & Cure*

In its November 8, 2004 order, despite finding that Plaintiff had not shown manifest error in the dismissal of his claim against Maersk for arbitrary and capricious failure to pay maintenance and cure, the Court re-opened judgment on this claim and allowed Plaintiff to re-assert it in his amended complaint.  The Court found that "it would best serve the interests of justice to allow the parties to litigate this issue fully before this Court." (Nov. 8, 2004 Order at 6.)  Defendant Maersk has again moved for summary judgment on this claim.  For the reasons that follow, the Court GRANTS the motion.

The law of seamen has evolved to confer a strong bias in favor of an injured seaman with respect to maintenance and cure claims.  "Under the maritime law it is well settled that a seaman who receives an injury while in the service of the ship is entitled to medical care, nursing, and attendance, and to a cure, so far as cure is possible, at the expense of the ship." *Whitney v. Olsen*, 108 F. 292, 297 (9th Cir. 1901); *see*

---

[1] Plaintiff's attempt to import the agency and immunity analyses applicable to Federal Tort Claim Act ("FTCA") cases to this SAA case is unavailing.  Plaintiff attempts to argue that the acts complained of, and which have already been held by this Court to be within the scope of Maersk's SAA agency relationship (*see, e.g.*, July 9, 2004 Order at 11-15; Nov. 8 Order at 4), exceed the scope of FTCA agency.  This argument is irrelevant.  The Court has pointed out numerous times that agency for the purposes of the SAA is defined differently than it is elsewhere. *See Dearborn v. Mar Ship Operations*, 113 F.3d 995, 997 (9th Cir. 1997) (explaining that in the context of a private entity under contract with the United States to operate a public vessel, the definition of "agent" is more broad than elsewhere, and even includes entities that would be defined as "independent contractors" in other contexts).  Accordingly, even if Plaintiff could show that Maersk's objectionable acts would be outside the scope of an FTCA-type agency, this Court has already found, as a matter of law, that Maersk's employment policies fall under the umbrella of its SAA agency relationship with the United States.

ORDER – 4

*also In re Marine Asbestos Cases*, 265 F.3d 861, 868 (9th Cir. 2001) (taking as foundational the principle that a "vessel and her owners must provide medical care for a seaman who becomes sick or is wounded in the service of the ship").  The Supreme Court has repeatedly asserted that "the shipowner's liability for maintenance and cure [is] among 'the most pervasive' of all" and that "it [is] not to be defeated by restrictive distinctions nor 'narrowly confined.'" *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962) (citing *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 735 (1943)).  Accordingly, a shipowner has a duty to investigate a seaman's injuries or claims thereof, *see, e.g.*, *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1047 (9th Cir. 1999) (taking this principle for granted), and "[a]ny doubts as to entitlement, necessity of medical treatment, and the attainment of maximum medical cure must be resolved in favor of the seaman and in favor of payment of maintenance and cure," *Moore v. The Sally J.*, 27 F. Supp. 2d 1255, 1262 (W.D. Wa. 1998) (citing *Vella v. Ford Motor Co*, 421 U.S. 1, 3-4 (1975)).  Where an employer willfully and persistently fails to investigate or pay a seaman's claim for maintenance and cure, a plaintiff may recover attorneys' fees and other necessary expenses incurred in prosecuting his claims. *Vaughan*, 369 U.S. at 531, 533.  However, plaintiff seamen may recover only pecuniary damages and not punitive damages. *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1505 (9th Cir. 1995), *cert. denied*, 516 U.S. 1046 (1996).

       Complicating what would normally be a simple analysis, the case at bar presents a situation in which the SAA's exclusivity clause could be understood to bar a seaman's claim against his employer for willful failure to pay maintenance and cure.  In the context of an action involving claims against the United States pursuant to the SAA, the key question is whether a seaman's claim for willful and arbitrary failure to pay maintenance and cure is "by reason of the same subject matter," 46 U.S.C. App. § 745, as his underlying claim for maintenance and cure.  As Defendant Maersk points out, the Third, Fourth, and Eleventh Circuit Courts of Appeals, as well as the Alaska Supreme Court, have all answered this question in the affirmative. *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82, 86-7 (3d Cir. 1996); *Kasprik v. United States*, 87 F.3d 462, 466 (11th Cir. 1996); *Manuel v. United States*, 50 F.3d 1253, 1260 (4th Cir.

ORDER – 5

1995); *Stone v. Int'l Marine Carriers, Inc.*, 918 P.2d 551, 556 (Alaska 1996).

The *Manuel* Court concluded that "the seaman's action against the operator for the arbitrary and willful failure to pay maintenance and cure deals with the same subject matter [as his entitlement to maintenance and cure]" and was therefore barred by the SAA's exclusivity clause. 50 F.3d at 1259. In particular, *Manuel* rejected the argument that the plaintiff's claim for arbitrary and willful failure to pay maintenance and cure existed as a separate cause of action. *Id.* at 1260 (recognizing that "[c]ourts have long awarded punitive damages to seamen where maintenance and cure benefits have been arbitrarily and willfully denied," but also stating that "[p]unitive damages, however, is [sic] merely an additional remedy in the seaman's maintenance and cure action"). *O'Connell* and *Kasprik* both adopted the *Manuel* Court's reasoning in reaching their conclusions. *See* 90 F.3d at 86-87; 87 F.3d at 465-66.

Were the Court not inclined to bow under the weight of the *Manuel* line of cases, its conclusion would nonetheless be constrained by the Ninth Circuit's ruling in *Glynn v. Roy Al Boat Management Corp.*, which construed the Supreme Court's holding in *Vaughan*, 369 U.S. at 530-31, to "authoriz[e] attorney's fees incurred to secure a maintenance and cure award as an *additional item of maintenance and cure*." 57 F.3d at 1504 (emphasis added). This statement, taken together with the Ninth Circuit's disallowance of punitive damages, *see id.* at 1505, quite clearly indicates that there no longer exists a separate cause of action for arbitrary and willful failure to pay maintenance and cure. Thus, there being no separate cause of action for willful and arbitrary failure to pay maintenance and cure, any claim Plaintiff hopes to assert on this basis must necessarily, as a matter of law, spring from the same subject matter as his basic claim against the United States for maintenance and cure.[2] For this reason, the Court must conclude that Plaintiff's claim against Maersk for arbitrary and willful failure to pay maintenance

---

[2] In addition, even though attorneys' fees are not available against the United States in most contexts, *see Stone*, 918 P.2d at 556-57, the Court concludes, as did the Alaska Supreme Court, that the "SAA provides a remedy for compensatory damages suffered as a result of willful failure to pay maintenance and cure. The fact that that remedy does not encompass attorney's fees does not make the SAA remedy any less exclusive under the terms of section 745." 918 P.2d at 557.

ORDER – 6

and cure is barred by the SAA's exclusivity clause. Defendant Maersk's motion for summary judgment is therefore GRANTED.

IV.   CONCLUSION

In accordance with the foregoing, Defendant Maersk's motions for summary judgment on Plaintiff's claims for independent acts of negligence (Dkt. No. 123) and Plaintiff's claims for willful failure to pay maintenance and cure (Dkt. No. 125) are hereby GRANTED. In so holding, however, the Court remains mindful of Defendant Maersk's representations that it is committed to providing maintenance and cure pursuant to this Court's previous orders.

SO ORDERED this 16th day of September, 2005.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 7