UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES E. FRANCIS,

    Plaintiff,

  v.

MAERSK LINES, LIMITED, et al.,

    Defendants.

CASE NO. C03-2898C

ORDER

This matter comes before the Court on the Defendant United States of America's Motion to Exclude Testimony and Report of Plaintiff's Expert, Dr. Mark Geier (Dkt. Nos. 176 and 177). Having reviewed the materials submitted by the parties and determined that oral argument is not necessary, the motion is DENIED for the reasons set forth below.

**I.   BACKGROUND**

Plaintiff filed suit against Maersk Lines, Ltd. and the United States for injuries he sustained allegedly as a result of being forced to take the vaccine for anthrax ("AVA"). Plaintiff's expert, Dr. Mark Geier, is prepared to give testimony on the following opinions he holds regarding this case: (1) that it was contrary to proper medical practice for Plaintiff to be coerced into being given AVA and that Plaintiff was not provided with sufficient information or warning of the risks of the vaccine; (2) that AVA can

ORDER – 1

cause autoimmune disorders such as Guillain-Barre Syndrome ("GBS"), which is what Plaintiff has been diagnosed with after taking the vaccine; and (3) the vaccine was not reasonably fit for its intended purpose. (Geier Decl. ¶ 29; Pl.'s Resp. n.1.) The government filed this motion asking the Court to exclude Dr. Geier's testimony on two grounds. The government first argues that Dr. Geier is not qualified to testify as an expert as to whether AVA can cause GBS. (Def.'s Mem. in Supp. of Mot. 2–7.) The government also challenges Dr. Geier's expert testimony under *Daubert*, arguing that his causation opinion does not rest on a reliable foundation. (*Id.* at 7–15.)[1]

## II. ANALYSIS

### A. Dr. Geier's Qualifications

The government first asserts that Dr. Geier's expert testimony should be excluded on the grounds that he is not qualified because he was educated and practices in the field of genetics. (Def.'s Mem. 3–4.) However, simply because a witness does not have a formal degree in the field does not disqualify him or her as an expert. *See*, *e.g.*, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (witness qualified as expert based on significant knowledge of and experience in the industry). The issue of an expert witness's qualifications "is governed by Federal Rule of Evidence 702 which contemplates a broad conception of expert qualifications." *Thomas v. Newton Int'l Enter.*, 42 F.3d 1266, 1270 (9th Cir. 1994). Rule 702 states that an expert may be qualified by "knowledge, skill, experience, training, or education." FED. R. EVID. 702. While Dr. Geier's formal degrees are in genetics, he has extensive experience with and knowledge of vaccines. Dr. Geier has worked in the area of vaccines for over thirty years (Geier Rep't 1), has published many articles relating to vaccines and their safety (Geier Rep't 2–3), has published two articles on AVA specifically (Geier Decl. ¶ 18), and has testified before Congress on matters relating to vaccination safety (Geier Rep. 3). Given Dr. Geier's significant

---

[1] In its motion the government does not challenge Dr. Geier's opinions that Plaintiff did not give informed consent and that the AVA was not reasonably fit for its intended purpose in this instance. Therefore, the Court only addresses Dr. Geier's opinion on general causation.

ORDER – 2

knowledge of and experience with vaccines, he is qualified to testify as an expert on the issue of whether AVA caused Plaintiff's condition. *See Hangarter*, 373 F.3d at 1016 (witness with significant knowledge and experience in relevant industry qualified to testify as expert).

B.  *Reliability of Dr. Geier's Opinion*

Upon objection, the Court must make a reliability determination of the witness's testimony to fulfill its gatekeeping function under *Daubert*. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002). The focus of the reliability determination is on the principles and methodology used by the witness, not on the conclusions they generate. *Daubert*, 509 U.S. at 595. The reliability of expert testimony is to be judged by the following, non-exhaustive, factors: (1) whether a theory or technique can or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether the theory or technique has a known or potential rate of error and whether standards exist for controlling that risk of error; and (4) whether the theory or technique is generally accepted in the relevant scholarly or professional community. *See Daubert*, 509 U.S. at 592–95.[2]

The Government argues that Dr. Geier's opinion that AVA can cause GBS is not reliable. Dr. Geier bases his causation opinion on his review of peer-reviewed medical and scientific literature, including a book by the Institute of Medicine on adverse events caused by vaccines, two articles Dr. Geier co-authored on adverse reactions to AVA, and several other articles on the topic of adverse events as a result of vaccination. (Geier Decl. ¶¶ 18 and 32.) Contrary to the government's position, the existence of a report with conclusions contrary to those of the expert witness does not suffice to hold the witness's testimony unreliable. *See Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230–31 (9th Cir. 1998) (opposing opinions and evidence go to the weight afforded an expert's opinion, not to admissibility). In

---

[2] The first and third Daubert questions do not apply here because the proferred theory does not involve a particular scientific technique. *See Willert v. Ortho Pharm. Corp.*, 995 F. Supp. 979, 982 n.2 (D. Minn. 1998) (citing *Sorensen v. Shaklee Corp.*, 31 F.3d 638, 649 (8th Cir. 1994).

ORDER – 3

1  addition, simply because the studies Dr. Geier relies on do not specifically conclude that AVA can cause
2  GBS does not render his opinion inadmissible. *See id.* at 1230 (lack of conclusively established cause-
3  effect relationhip between drug and disorder does not render causation opinion of expert inadmissible).
4  Therefore, the Court finds Dr. Geier's theory on general causation in this case has been subjected to
5  sufficient peer review and publication to render it reliable.

6       Furthermore, reliance on the VAERS database to ascertain the risks associated with a given
7  vaccine is generally accepted in the scientific community.  Dr. Geier has published an article explaining
8  this database and its use to evaluate vaccine safety concerns.  (Geier Decl. ¶ 16.)  In addition, Dr. Geier's
9  articles using the VAERS database to ascertain the relative risks of vaccines have been accepted by peer-
10 reviewed scientific and medical journals.  (*Id.* at ¶ 36.)  Also, this method has been used by other
11 researchers, including those at the Center for Disease Control.  (*Id.*)  Just as in *Kennedy*, the reasoning
12 behind Dr. Geier's general causation opinion is based on objective, verifiable evidence and scientific
13 methodology. *Kennedy*, 161 F.3d at 1229–30 (use of peer-reviewed publications and clinical studies to
14 form general causation opinion generally accepted).  Therefore, Dr. Geier's methods used to form his
15 causation opinion are generally accepted in the scientific community.

16      In sum, the Court finds that Dr. Geier's opinion on general causation incorporates the indicia of
17 reliability set forth by *Daubert*, 509 U.S. at 592–95.  Therefore, the Court finds Dr. Geier's causation
18 opinion to be reliable.  As a result, any flaws that might exist go to the weight afforded his opinion, not its
19 admissibility.  *In re PPA Prods. Liab. Litig.*, 289 F. Supp. 2d 1230, 1240 (W.D. Wash. 2003) (citing
20 *Kennedy* 161 F.3d at 1230–31).

21 \\
22 \\
23 \\
24 \\
25 \\
26 ORDER – 4

### III. CONCLUSION

In accordance with the foregoing, the United States' motion is DENIED. Dr. Geier's testimony shall not be excluded.

SO ORDERED this 8th day of December, 2005.

                                                            /s/ John C. Coughenour
                                                            UNITED STATES DISTRICT JUDGE

ORDER – 5